## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRIAN OBLAD,<br><br>    Plaintiff,<br><br>v.<br><br>BUTLER, et al.,<br><br>    Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:21-cv-00488 TC-CMR<br><br><br>District Judge Tena Campbell<br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 9). On August 12, 2021, Plaintiff filed a civil rights Complaint against Leon Butler, Roy Bickel, and a first name unknown Dr. Blavis (ECF 2).  The court granted Plaintiff leave to proceed *in forma pauperis* and waived the prepayment of filing fees pursuant to 28 U.S.C. § 1915 (IFP Statute) (ECF 5).  Accordingly, the court will screen Plaintiff's Complaint as required under the IFP Statute.  Because Plaintiff is proceeding pro se in this case, the court will construe the pleadings liberally.  *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## LEGAL STANDARDS

Section 1915(e) provides that the court "shall dismiss the case at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The requirements of Rule 8 mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

## DISCUSSION

Plaintiff's Complaint does not contain adequate information on the specific identity of the defendants, the legal claims asserted against each defendant, or factual support linking the defendants to the alleged violations. The caption of Plaintiff's Complaint references a medical malpractice claim, a civil rights complaint under 42 U.S.C. § 1983 and § 1985, and allegations of defamation of character, wrongful imprisonment, and violations of the Americans with Disabilities Act (ECF 6). It appears the named defendants are employees or staff at the Utah State Prison, but the allegations in Plaintiff's Complaint refer to the "Board of Pardons." In the Complaint, Plaintiff generally complains that the Board of Pardons wrongfully imprisoned him "because of [his] mental illness" (ECF 6) and asserts that "if it wasn't for [his] psychiatric history [he] would have had a better chance of release" (ECF 6). Plaintiff's Complaint also references multiple other lawsuits, but he does not indicate how those other lawsuits are relevant to the facts at issue here.[1] Moreover, while the Plaintiff does assert blanket statements of alleged

---

[1] In addition to the instant matter, since 2017 Plaintiff has brought the following cases: *Oblad v. Utah State Prison et al.*, Case No. 2:17-cv-95 TC; *Oblad v. Crowther et al.*, Case No. 2:17-cv-102 JNP; *Oblad v. Cundick et al.*, Case No. 2:18-cv-707 RJS; *Oblad v. Ramirez et al.*, Case No. 2:18-cv-732 RJS; *Oblad v. Parrish et al.*, Case No. 2:20-cv-732 RJS; *Oblad v. United States Government et al.*, Case No. 2:20-cv-875 CMR; and *Obald v Butler, et al.*, Case

misconduct within his Complaint, the statements alleged do not appear to be factual allegations

to support his claims against the named defendants.  Rather, he discusses general perceived

miscarriages of justice and demands redress with no specifics to support the claims at issue.

For those reasons, the undersigned recommends the instant matter be dismissed.  Even

liberally interpreting Plaintiff's Complaint, the court is unable to discern claims against

defendants or the grounds upon which they rest.

Lastly, the court addresses court sanctions against Plaintiff for filing multiple, duplicative

lawsuits in short succession.  The instant matter is very similar to two prior cases filed by

Plaintiff, *Oblad v. Crowther et al.*, Case no. 2:17-cv-102-JNP and *Obald v. Butler, et al.*, Case

No. 2:20-cv-808-HCN.  In those actions, Plaintiff, proceeding *pro se*, brought suits against Leon

Butler, Dr. Blavis, and Roy Bickel, all three are also named in this Complaint.  In those cases,

Plaintiff alleges he had suffered a denial of release from the Parole Board due to his mental

illness.  In *Obald v. Butler, et al.*, Plaintiff's complaint was dismissed because "the complaint

was likely barred by *res judicata*" and the court concluded that "'[e]ven in setting aside potential

issues of *res judicata*, under 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Amended Complaint should

be dismissed because it fails to state a claim upon which relief may be granted' and that 'it is

obvious that Plaintiff cannot prevail on the facts alleged and it would be futile to give another

opportunity to amend.'" (*See* Case No. 2:20-cv-808-HCN, Docket Entry Nos. 25, 28).

"To deter frivolous and abusive litigation and promote justice and judicial efficiency, the

federal courts are empowered to impose monetary sanctions, by statutes and the rules of civil and

appellate procedure as well as their inherent right to manage their own proceedings."  *See Braley*

---

No. 2:20-cv-808 HCN.  Plaintiff's Complaint references only *Obald v Butler, et al.*, Case No. 2:20-cv-808 HCN and *Oblad v. Crowther et al.*, Case No. 2:17-cv-102 JNP.

*v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987).  The court finds that Plaintiff's conduct

constitutes abuse of the court system and that the appropriate sanction in this case is to impose

filing restrictions on Plaintiff.  Accordingly, the court recommends that Mr. Oblad be required to

obtain prior approval from the court for any and all future lawsuits he wishes to file, regardless

of the date of the lawsuit, the date of the actions underlying the lawsuit, or the causes of action

contained within the lawsuit.  The court has determined that such a requirement is necessary to

prevent Ms. Oblad from engaging in further abuse of the court system.

### RECOMMENDATION

Consistent with DUCivR 3-2(c) and under 28 U.S.C. § 1915, the undersigned

recommends that Plaintiff's complaint be dismissed without prejudice as frivolous and for failing

to state a claim upon which relief may be granted.  IT IS FURTHER RECOMMENDED THAT

Plaintiff be required to obtain prior approval from the court for any and all future lawsuits he

wishes to file.

### NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are

hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy,

any party may serve and file written objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b).  Failure to object may constitute a waiver of objections upon subsequent review.


DATED this 12 November 2021.


Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah